IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTWAN D. JONES, | * | |
| Petitioner, | * | |
| v. | * | Civil No. WDQ-13-0383 |
| J.T. SHARTLE, WARDEN, *et al.*, | * | |
| Respondents. | * | |
| | *** | |

MEMORANDUM

The above-styled Petition for Writ of Habeas Corpus was filed on February 4, 2013, pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Douglas F. Gansler, Attorney General of the State of Maryland, filed a limited Answer, alleging that Petitioner is no longer "in custody" and the Petition is time-barred. ECF No. 4. Petitioner has filed a Response. ECF No. 6. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2).

On February 26, 2003, Petitioner Antwan Jones pled guilty to simple possession of a controlled dangerous substance and possession with intent to distribute a controlled dangerous substance in the Circuit Court for Baltimore City, Maryland. ECF No. 4, Ex. 1. Petitioner was sentenced to four years imprisonment, beginning November 8, 2002. Petitioner did not file an application for leave to appeal; accordingly, the conviction became final for purposes of direct appeal on March 28, 2003.[1] The sentence expired on November 8, 2006. In apparent recognition that the term in question has expired, Petitioner alleges that he is "in custody" for purposes of habeas review because the conviction was relied upon to enhance a sentence later

---

[1] *See* Md. Code Ann., Cts. & Jud. Proc. § 12–302(e) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8–204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

imposed. ECF No. 1-1 at 2.[2] In the Petition, Petitioner alleges he was denied his Fourteenth Amendment rights to due process and equal protection when the Circuit Court for Baltimore City failed to adequately notify him and his counsel that a Motion for Writ of Error Coram Nobis had been denied, thus depriving him of the right to appeal the decision. *Id.* at 3-4. Petitioner also alleges that he was denied his Sixth Amendment right to effective assistance of counsel, deriving from his attorney's simultaneous representation of Petitioner's co-defendant. *Id.* at 4.

Under 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* (emphasis added). Petitioner is currently in federal custody, pursuant to a sentence imposed by this Court in Criminal No. WDQ-06-0384. Because Petitioner challenges the validity of his current federal sentence,[3] his claims must be brought under 28 U.S.C. § 2255. *See, e.g., Daniels v. United States*, 532 U.S. 374 (2001) (assessing under § 2255 a defendant's challenge to his federal sentence based on allegedly unconstitutional state convictions used to enhance the sentence); *see also United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010) (same). The Court notes, however, that Petitioner has already filed a petition under § 2255, which was denied. Criminal No. WDQ-06-0384, ECF Nos. 55 (SEALED), 59 (SEALED), 60 (SEALED). Thus, if Petitioner intends to

---

[2] On November 27, 2007, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). No. WDQ-06-0384. The Court relied on the 2003 conviction to find that Petitioner was an armed career criminal, and sentenced him to 170 months imprisonment. *Id.*, ECF Nos. 39, 40.

[3] *See, e.g.*, ECF No. 1-1 at 1-2 (asking the Court to construe the motion as "asserting a challenge to a current sentence, as enhanced by a[n] [allegedly] constitutionally defective prior conviction").

2

raise his claims by way of a § 2255 motion, he must first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition.[4]

When a district court dismisses a habeas Petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Petitioner has not met this standard. By separate Order which follows, the Petition for Writ of Habeas Corpus will be dismissed, and a Certificate of Appealability shall not issue.

The Court finds the claims presented are not properly raised pursuant to 28 U.S.C. § 2254 and the Petition will be dismissed without prejudice. A separate Order follows.

4/25/13
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[4] The Clerk will send Petitioner an information packet for requesting authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition in federal district court.

3